{¶ 19} While I agree with the result reached by the majority, I cannot agree with the rationale used to reach that result. Accordingly, I concur in the Court's judgment only.
 {¶ 20} Generally, the Fourth Amendment prohibits the police from making a warrantless, nonconsensual entry into a suspect's home simply to make a routine arrest. See Illinois v. McArthur
(2001), 531 U.S. 326, 330-332; see, also, Payton v. New York
(1980), 445 U.S. 573, 586. Certain exceptions to this rule, however, do exist. Undoubtedly, exigent circumstances may permit an officer to enter a home and make an arrest without a warrant. These circumstances include within them the right to enter the home if an emergency exists and the right to enter the home if the officer is in hot pursuit of the suspect. See, generally,Minnesota v. Olson (1990), 495 U.S. 91; United States v.Santana (1976), 427 U.S. 38.
 {¶ 21} "Hot pursuit" will generally involve some form of a chase which is an "immediate and continuous pursuit from the moment probable cause to arrest ha[s] arisen[.]" State v. Karle
(2001), 144 Ohio App.3d 125, 132. The officer in the instant matter testified that upon viewing Appellant enter the home, he then called for backup and waited four minutes before entering the home. I would join our sister districts in finding that such a call for backup and the wait that ensued terminated any "hot pursuit." See Id.; State v. Norris (Nov. 5, 1999), 2d Dist. No. 17689, at *6; State v. Hablutzel (Nov. 23, 1988), 1st Dist. Nos. C-870789, et al., at *3.
 {¶ 22} Additionally, I am not persuaded by the State's reliance on Warden v. Hayden (1967), 387 U.S. 294, for the proposition that a five-minute delay will not preclude application of the "hot pursuit" doctrine. In fact, the U.S. Supreme Court later noted:
"Warden was based upon the `exigencies of the situation,' and did not use the term `hot pursuit' or even involve a `hot pursuit' in the sense that that term would normally be understood." (Internal citations omitted.) Santana,427 U.S. at 43, fn. 3. {¶ 23} Based upon the record, I agree with the rationale espoused by the First District in Karle, finding that "the officers could have made reasonable efforts to reconcile their law enforcement needs and secured the location to prevent [Appellant's] departure while they obtained an arrest warrant."Karle, 144 Ohio App.3d at 132.
 {¶ 24} Further, I am not persuaded by the State's argument that the emergency exception to the warrant requirement is present herein. Generally, such a situation arises when officers have probable cause to believe that there is a risk of danger to themselves or others in the home. Olson, 495 U.S. at 100. Here, the State presented no evidence of any danger.
 {¶ 25} Unlike the defendant in Warden, Appellant was not seen carrying a weapon, nor was there any allegation that Appellant had committed a violent felony. Contrast Warden,387 U.S. at 297. Here, the facts presented establish that Appellant was speeding and failed to comply with the order of the officer to bring his vehicle to a stop. No other traffic infractions were observed and there is no indication that Appellant was driving in an erratic manner. Appellant then exited his vehicle, entered the front door of the home, and locked the door behind him. There is no evidence in the record to support the State's argument that it was likely that Appellant was committing a burglary. No officer testified that Appellant forced his way into the home. While it is clear from the record that the officers took steps to reconcile the information from the license tag with the residential address, I cannot subscribe to the view that the fact that Appellant was driving a car which was not registered to the same address as his home gives rise to probable cause or even reasonable suspicion that a burglary is being committed.
 {¶ 26} Nothing in the analysis expressed here should encourage defendants to attempt to elude arrest and my concurrence is limited to these specific facts. Appellant's actions were an unreasonable response and resulted in further charges being filed against him. Having found however that none of the recognized exceptions to the warrant requirement is applicable, I would find that the officers' entry into Appellant's home violated his Fourth Amendment rights.
 {¶ 27} "An arrest in contravention of the Fourth Amendment will not a fortiori preclude subsequent criminal proceedings predicated upon the arrest." (Emphasis sic.) Cincinnati v.Askren (May 26, 2000), 1st Dist. Nos. C-990535 C-990536, at *3. Herein, Appellant has not attempted to delineate which evidence constitutes "fruit of the poisonous tree" nor how the exclusion of that evidence would have altered his convictions. Accordingly, I concur in the judgment reached by the majority.